

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2006

# Kumarasamy v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-2323

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kumarasamy v. Atty Gen USA" (2006). *2006 Decisions.* Paper 537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2323

———————

YOGESWARAN KUMARASAMY,
                                                                Appellant

v.

ATTORNEY GENERAL OF UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY; JOHN CARBONE,
Field Office Director, Immigration & Customs Enforcement; VENSON DAVID, Agent,
Immigration & Customs Enforcement; BOB,
Agent, Immigration & Customs Enforcement

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-02341
District Judge:  The Honorable William G. Bassler

———————

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2006

Before: BARRY, SMITH and TASHIMA,[*] Circuit Judges

———————

**ORDER AMENDING OPINION**

———————

        IT IS ORDERED that the slip opinion in the above case, filed June 23, 2006, be

amended as follows:

        Delete the following sentence found in the first full paragraph on page 5 which

_____

        [*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court
of Appeals for the Ninth Circuit, sitting by designation.

reads:

> "The REAL ID Act applies, by its own terms, only to cases in which the petitioner seeks review of a final order of removal."

and replace with:

> "Under the REAL ID Act, by its own terms, we have jurisdiction only in those cases in which the petitioner seeks review of a final order of removal.[5]"

By the Court,


/s/ **Maryanne Trump Barry**
Circuit Judge

Dated: August 4, 2006

---

[5] In the REAL ID Act, Congress amended both 8 U.S.C. §§ 1252(b)(9) and (g) to make clear that these provisions preclude any habeas corpus review over certain removal-related claims. See REAL ID Act §§ 106(a)(2) & (3). Thus, if an alien challenges an action taken or a proceeding brought to remove him, it would appear that 8 U.S.C. §§ 1252(b)(9) and (g), as amended by the REAL ID Act, would preclude habeas review over that challenge. We need not reach the question of whether §§ 1252(b)(9) and (g) apply in this case because we conclude that the District Court lacked jurisdiction on the separate ground that Kumarasamy was not in "custody" at the time he filed his habeas petition. *See infra*.